UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

MARC HARRIS,

                             Plaintiff,

v.                                           Civil Action Number 3:07–CV–701

NORTHERN NECK REGIONAL JAIL
BOARD AUTHORITY, et al.,

                             Defendants.

<u>MEMORANDUM OPINION</u>

THIS MATTER comes before the Court on a Motion to Dismiss (Dkt. No. 35) filed by Defendant Northern Neck Regional Jail Board ("NNRJB") and a Motion to Dismiss (Dkt. No. 37) filed by Defendants Jeffrey W. Frazier and Ted Hull ("Frazier and Hull"). For the reasons stated in the accompanying Memorandum Opinion, the Court GRANTS the Motion to Dismiss filed by the NNRJB, and GRANTS in part and DENIES in part the Motion to Dismiss filed by Frazier and Hull.

I.  BACKGROUND

A.  <u>Factual Background</u>

Harris was incarcerated at Northern Neck Regional Jail ("Jail") as a Pretrial Detainee. Harris alleges that on or about June 4, 2006, Sgt. Fulcher agreed that Harris and his cell mate could extend their one hour of recreation because they did not have their recreational hour the day before. When the lunch trays were passed, Harris asked

1

Defendant Haynes if she would give his tray to another inmate. Haynes responded by cursing at Harris, who in turn asked her not to speak to him in that manner. A disagreement ensued, which eventually led to Haynes pushing Harris as he descended a stairwell and Defendants Chatham and Russell pushing Harris across the floor. Chatham and Russell pushed Harris into a wall and, as a result of the impact, Harris sustained a fracture to his right wrist. Defendants Wagner, Chatham, and Russell then twisted Harris' arms and placed Harris in handcuffs. When Harris asked them to loosen the cuffs, they pushed him down the hall again. When Harris failed to proceed down the hall swiftly, Russell placed him in a choke hold, lifted Harris off the floor while he was in a choke hold, and carried Harris by his neck twenty feet down the hall. Upon witnessing the incident, Sgt. Fulcher instructed Russell to release Harris. When Russell refused to do so, Sgt. Fulcher physically restrained Russell so that he would release Harris.

Harris was placed in holding cell, where he remained for 45 minutes before medical care was rendered. Nurse Neale placed Harris' wrist in a splint. Although Harris requested an x-ray, he did not receive one until June 13, 2006. Harris was diagnosed with two fractures of the bones in his right wrist. On June 27, 2006, Dr. Reese examined Harris and informed him that his wrist should be placed in a cast and that he needed to see an orthopedic specialist. Although he made repeated requests, Harris was never referred to an orthopedic doctor and no cast was ever placed on his broken wrist.

B. Procedural Background

Harris filed suit on November 9, 2007 against correctional officers Haynes, Chatham, Russell, Wagner; Nurse Neale; Dr. Reese; four John and Jane Does; and the Commonwealth as employer of the aforementioned defendants. Harris alleged several violations of the Fourteenth Amendment of the United States Constitution, 42 U.S.C § 1983, and state law. On February 29, 2008, the Commonwealth of Virginia was dismissed from the suit under the Eleventh Amendment and the Court subsequently dismissed one of Harris's § 1983 claims because he failed to exhaust his administrative remedies, and dismissed his state-law claims because they were barred by the applicable statute of limitation, Virginia Code § 8.01-243.2. See Harris v. Commonwealth, No. 3:07–CV–701 (E.D. Va. Apr. 24, 2008). In response, the correctional officers and medical personnel filed the Motion for Judgment on the Pleadings. This Court granted in part and denied in part the Motion for Judgment on the Pleadings on September 5, 2008.

The Court permitted Harris to amend his complaint to name the NNRJB; Jeffrey Frazier, Superintendent of the Jail; and Ted Hull, Assistant Superintendent of the Jail, as defendants. These new parties are the subject of these motions. The amended complaint asserts two claims: (1) Defendants (including NNRJB and Frazier and Hull) violated Harris' statutory and constitutional rights under 42 U.S.C. § 1983 and the Eighth and/or Fourteenth Amendment right to be free of cruel and unusual punishment, and (2) Defendants (including NNRJB and Frazier and Hull) breached the duty they owed to Harris

to protect his safety and health by negligently hiring and retaining correctional officers and medical staff.

## II. STANDARD OF REVIEW

Under Rule 12(b)(6), a motion to dismiss for failure to state a claim for which relief can be granted challenges the legal sufficiency of a claim, not the facts supporting it. Conley v. Gibson, 355 U.S. 41, 45–46 (1957); see Goodman v. Praxair, Inc., 494 F.3d 458, 464 (4th Cir. 2007). Thus, in ruling on a Rule 12(b)(6) motion, a court must regard as true all of the factual allegations in the complaint, Erickson v. Pardus, 127 S.Ct. 2197, 2200 (2007), as well as any facts that could be proved that are consistent with those allegations, Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), and view those facts in the light most favorable to the plaintiff, Christopher v. Harbury, 536 U.S. 403, 406 (2002). But, since the complaint must "give the defendant fair notice of what the claim is and the grounds upon which it rests," the plaintiff must allege facts that show that its claim is plausible, not merely speculative. Bell Atl. Corp. v. Twombly, 127 S.Ct. 1955, 1964, 1966 (2007); see Fed. R. Civ. P. 8(a)(2). The court does not have to accept legal conclusions that are couched as factual allegations, Twombly, 127 S.Ct. at 1964, or "unwarranted inferences, unreasonable conclusions, or arguments." E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship, 213 F.3d 175, 180 (4th Cir. 2000). But, the plaintiff does not have to show that it is likely to obtain relief; if the complaint alleges—directly or indirectly—each of the elements of "some viable legal theory," the plaintiff should be given the opportunity to prove that claim. Twombly, 127 S.Ct. at 1969 & n.8.

III. DISCUSSION

A. Defendant NNRJB's Motion to Dismiss

1. NNRJB is not a "person" with capacity to be sued under Fed. R. Civ. P. 17(b)

Defendant NNRJB claims that it is not a person with capacity to be sued under 17(b). The capacity to be sued is determined by the law of the state. Fed. R. Civ. P. 17(b) (2008). Rule 17(b) further provides that "a partnership or other unincorporated association with no capacity under that state's law may sue or be sued in its common name to enforce a substantive right existing under the United States Constitution or laws." Id. This Court has held that in the instance where there has not been a grant of authority to be sued, the entity is "not a proper defendant." See Davis v. City of Portsmouth, 579 F. Supp. 1205, 1210 (E.D. Va 1983); Muniz v. Fairfax County Police Dep't, No. 1:05CV466, 2005 WL 1838326, *1-2 (E.D. Va Aug. 2, 2005). There is no provision permitting these regional jail boards "to sue and be sued in its own name." See Va. Code Ann. § 53.1-106 (2008).

Plaintiff argues that "it would be nonsensical to state that localities that comprise the cooperate in the NNRJB may each be sued, but that an association of those localities somehow is not capable of being sued." (Pl. Br. in Opp'n to NNRJB's Mot. to Dismiss 12.) However, the power to sue has been expressly granted in certain entities (See Va. Code Ann. § 53.1-95.7(12)), therefore it can be implied it was intentionally omitted from the framework of regional jail boards.

5

Plaintiff further asserts that beyond the authority to sue, NNRJB should be considered an association under Rule 17(b) that may be sued to enforce a substantive right. Plaintiff cites Virginia code sections 15.2-1300 and -1303 to support his assertion that this is a "joint exercise of powers" by these counties, and therefore is an unincorporated association able to be sued. (Pl. Br. in Opp'n to NNRJB's Mot. to Dismiss 11.) However, this assertion is misplaced. Section 15.2-1300 clearly states that "any power, privilege or authority exercised or capable of exercise by any political subdivision of this Commonwealth may be exercised and enjoyed jointly with any other political subdivision of this Commonwealth having a similar power, privilege, or authority *except where an express statutory procedure is otherwise provided for the joint exercise.*" Va. Code Ann. § 15.2-1300(A) (2008) (emphasis added). Such express authority appears in section 53.1-105 and -106 by giving the power to create a regional jail and setting forth the policies for regional jail boards.

Where a state provides no authority to sue a jail, dismissal is appropriate under Rule 17(b). Wright v. Durham County Jail & Staff (Medical, etc.), 2002 WL 737730, *2 (M.D.N.C. Mar. 4, 2002). The NNRJB is not a jail—it is a regional jail board—but its formation statute omits any authority to sue or be sued, so Defendant's assertions are correct and the Motion to Dismiss for lack of a proper party under Fed. R. Civ. P. 17(b) is GRANTED.

The Court need not address the other grounds for dismissal of the NNRJB (not a proper party under section 1983, and for failure to state a claim) as the grounds for

dismissal are adequate under Fed. R. Civ. P. 17(b).  However, the Court does acknowledge that Plaintiff's Amended Complaint contained nothing more than boilerplate language regarding a "policy or custom" which led to his injuries, and for that additional reason, NNRJB's Motion to Dismiss is GRANTED.

B.  Defendants Frazier and Hull's Motion to Dismiss

    1.  Count I fails to state a claim under 42 U.S.C. § 1983

Defendants Frazier and Hull assert that Plaintiff fails to state a claim for supervisory liability in his amended complaint against them as supervisors.  To establish supervisory liability under section 1983, three elements are necessary: "(1) that the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed 'a pervasive and unreasonable risk' of constitutional injury to citizens like the plaintiff; (2) that the supervisor's response to that knowledge was so inadequate as to show 'deliberate indifference to or tacit authorization of the alleged offensive practices,'; and (3) that there was an 'affirmative causal link' between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff." Shaw v. Stroud, 13 F.3d 791, 799 (4th Cir. 1994); see Miltier v. Beorn, 896 F.3d 848, 854 (4th Cir. 1990); Slakan v. Porter, 737 F.2d 368, 373 (4th Cir. 1984); Wellington v. Daniels, 717 F.3d 932, 936 (4th Cir. 1983). Establishing the first element "requires evidence that the conduct is widespread, or at least has been used on several different occasions." Shaw, 13 F.3d at 799.  The second element, "deliberate indifference," is established by showing a supervisor's "continued inaction in the

7

face of documented widespread abuses." Slakan, 737 F.2d at 373.  The last element is proven by an "affirmative causal link" between the action and the harm suffered.  Id. at 376.  Generally these issues are "one of fact, not law."  Avery v. County of Burke, 660 F.2d 111, 114 (4th Cir. 1981).

Plaintiff concedes that he "may have difficulty in proving this fact-intensive inquiry" but at this stage of the litigation, it is about whether the facts "have been pleaded to give rise to a feasible claim," not whether the claim has merit.  (Pl. Br. in Opp'n to Def.'s Frazier and Hull's Mot. to Dismiss 3.)  Plaintiff has the burden of showing the claim is plausible, not merely speculative.  Twombly, 127 S.Ct. 1955 (2007).

The Complaint fails to mention any time Defendants Frazier and Hull were alerted to Harris' treatment by the guards or the medical staff's failure to supply him with adequate medical care other than "his several written requests for medical care." (Am. Compl. ¶ 41.)  Plaintiff's allegations are limited to the assertion that Frazier and Hull were "informed" of his injuries, and that they failed to show "even scant care in the hiring and retention of the defendant correctional officers, and the hiring and retention of the defendant medical personnel." (Am. Compl. ¶¶ 32, 49).

Plaintiff has failed to sufficiently plead enough facts to give rise to a claim that Superintendent Frazier and Assistant Superintendent Hull had actual or constructive knowledge of the actions of their subordinates, that they gave tacit authorization or acted with deliberate indifference, and their actions caused Plaintiff's injuries.  For this reason, Defendants Frazier and Hull's Motion to Dismiss as to Count I is GRANTED.

### 2. Count II is not barred

Defendants Frazier and Hull assert that Count II, negligent hiring, is barred because it is a state law claim barred by Virginia Code § 8.01-243.2. Section 8.01-243.2 states that exhaustion of state law claims must take place before any personal action can be brought. Frazier and Hull assert that there is no valid claim under section 1983 for gross negligence in hiring or retention, therefore this is a state law claim improperly before the court.

"Merely negligent conduct may not be enough to state a claim" and "mere negligence is not actionable under section 1983." Daniels v. Williams, 474 U.S. 327, 336 (1986); Arlington Heights v. Metro. Hous. Dev. Corp., 429 U.S. 252 (1977). But negligence or failing to adequately train that amounts to *deliberate indifference* has been held to constitute a valid section 1983 claim. See Estelle v. Gamble, 429 U.S. 97 (1976) (emphasis added). A "failure to train" claim was permitted in City of Canton, Ohio v. Harris, where the failure to train amounted to deliberate indifference to the rights of persons with whom the police come into contact. 489 U.S. 378, 388 (1989). A major element in that case for finding a proper section 1983 claim was that it was a program which "necessarily intended to apply over time to multiple employees." Id. at 390. The Second Circuit has recognized supervisory liability under section 1983 for gross negligence to the constitutional rights of inmates by "managing subordinates who caused the unlawful condition or event." Wright v. Smith, 21 F.3d 496, 501 (2d Cir. 1994).

9

this

In order to determine the true nature of the claim asserted by Plaintiff, the Court must analyze the Amended Complaint. Plaintiff asserts that "prison officials and supervisory personnel, owed a duty of care to Plaintiff . . . [they] breached that duty when they hired correctional officers unfit for their duty to ensure the health and safety of prisoners." (Am. Compl. ¶ 46.) Plaintiff further asserts that "supervisory and prison officials, showed a deliberate indifference to the fitness for duty of the Defendant, correctional officers, . . . ." (Am. Compl. ¶ 48). In reading the Amended Complaint in a light most favorable to the non-moving party, this Court finds that Harris has sufficiently alleged a claim of deliberate indifference by hiring and retaining the employees responsible for Harris' injuries, and this is sufficient to maintain a section 1983 claim. For this reason, the Motion to Dismiss as to Count II is DENIED.

## IV. CONCLUSION

For the reasons stated above, Defendant NNRJB's Motion to Dismiss is GRANTED, and Defendants Frazier and Hull's Motion to Dismiss is GRANTED as to Count I, but DENIED as to Count II.

An appropriate ORDER shall issue.

/s/
James R. Spencer

ENTERED this   30th   day of September 2008